UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID B. CAMPBELL,

            Plaintiff,

    vs.

STEVENS COUNTY SUPERIOR
COURT JUDGE REBECCA M.
BAKER,

           Defendant.

NO.  CV-09-301-EFS

**ORDER DENYING PLAINTIFF'S MOTION
FOR CHANGE OF VENUE AND MOTION FOR
RECUSAL**

    Plaintiff, a prisoner at the Clallam Bay Correction Center, brings this pro se civil rights complaint under 42 U.S.C. § 1983.  By separate Order the court granted Plaintiff leave to proceed in forma pauperis. On November 16, 2009, the Court ordered Plaintiff to amend his Complaint or voluntarily dismiss within sixty days.  (Ct. Rec. 13.)  Plaintiff did neither; instead, he moves to disqualify the Court from hearing this case, to change the venue, and to disqualify attorneys Jerry John Moberg and Patrick Ross Moberg from representing Defendant Rebecca M. Baker.

    In a federal question case, venue is proper in any district in which any defendant resides or a substantial part of the violation occurred.  28 U.S.C. § 1391(b).  A district court may transfer a civil action to any other district where it might have been brought initially if the interests of justice so require.  *Id.* § 1404.  In this case, the

ORDER* 1

only Defendant resides in the Eastern District of Washington, and all the actions constituting the violation occurred in this District.  There is no basis to transfer venue, and Plaintiff's motion is frivolous.

The procedure for disqualifying a district court judge is governed by 28 U.S.C. § 144.  Under that section, a party must file a "timely and sufficient affidavit" that the presiding judge has a personal bias against him or in favor of the opposing party.  *Id.*  Plaintiff argues in his affidavit that the Court implicitly agreed that Defendant violated his rights because it did not dismiss his Complaint outright but granted him leave to amend, yet did not require Defendants to respond.  Therefore, he claims, the Court joined the conspiracy to violate his rights.  Plaintiff's assertions are unsupported by any evidence, without merit, and frivolous.  Merely because the Court issued a ruling adverse to him is not evidence that the Court is biased against him or in favor of Defendant.  Plaintiff has not shown adequate grounds for disqualification.

The only grounds Plaintiff asserts to disqualify defense counsel are that there is no possible defense for Defendant's actions and that defense counsel are abetting continuing violations of Plaintiff's civil rights.  Plaintiff does not allege any facts that would constitute a violation of the rules of professional conduct on the part of defense counsel such that they should be disqualified from representing Defendant.  His motion to disqualify them is meritless.

Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Motion for a Change of Venue **(Ct. Rec. 16)** and Motion for Recusal **(Ct. Rec. 18)** are **DENIED**.

ORDER* 2

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.   The District Court Executive shall also provide a copy, electronically, to Defendant's counsel.

**DATED** this 5th day of January 2010.


                        s/Edward F. Shea
                       EDWARD F. SHEA
                 UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\301.venue.recuse.wpd

ORDER* 3